**DISMISS and Opinion Filed April 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00965-CV**

**JANE DOE, Appellant**
**V.**
**BILLY JACK WILLIAMS, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-03946-2019**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

At issue in this interlocutory appeal is the trial court's granting of appellee's motion to dismiss appellant's negligence claim for failure to serve the expert report required in a health care liability claim.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (requiring report), (b) (providing for dismissal of claim where report not served). The appeal was filed pursuant to Texas Civil Practice and Remedies Code sections 51.014(a)(9), which authorizes an appeal from an interlocutory order

---

[1] The trial court denied the motion as to appellant's claims for assault and intentional infliction of emotional distress.

denying in whole or in part a motion to dismiss for failure to serve an expert report, and (a)(10), which authorizes an appeal from an interlocutory order granting a motion challenging the adequacy of an expert report. *See id.* §§ 51.014(a)(9),(10). Because an appeal from an interlocutory order may only be taken if authorized by statute, *see Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.3d 266, 272 (Tex. 1992), and neither of the relied upon sections nor any other statute appeared to authorize this appeal, we questioned our jurisdiction over the appeal.

At our direction, the parties filed letter briefs addressing our concern. Appellant asserts generally in her letter brief that the appeal is authorized because the negligence claim is not a health care liability claim and therefore, a report was not required and the dismissal was improper. Our jurisdiction over an appeal, however, does not arise because the trial court may have committed error. Rather, in the context of an appeal from an interlocutory order, it is conferred by statute. *See id.* The only interlocutory order granting a motion in a health care liability claim that is authorized by statute to be appealed is an order granting a motion challenging the adequacy of an expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) & (a)(10). The order here is not such an order. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200965F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JANE DOE, Appellant

No. 05-20-00965-CV          V.

BILLY JACK WILLIAMS, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-03946-2019.

Opinion delivered by Chief Justice Burns, Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Billy Jack Williams recover his costs, if any, of this appeal from appellant Jane Doe.

Judgment entered April 20, 2021

–3–